**JEWS FOR JESUS, INC., a Foreign not-for-profit corporation; Allen Abrahamson, individually and in representative capacity as a member of Jews**

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Cir. R. 36–3.

for Jesus, Inc.; Penny J. Abrahamson, individually and in a representative capacity as a member of Jews for Jesus, Inc., Plaintiffs—Appellants,

v.

PORT OF PORTLAND, Defendant—Appellee.

No. 05–35560.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2006.

Decided March 28, 2006.

Frederick H. Nelson, Esq., Orlando, FL, Herbert George Grey, Beaverton, OR, for Plaintiffs–Appellants.

Mark H. Wagner, Esq., Karen O'Kasey, Esq., Hoffman Hart & Wagner, LLP, Portland, OR, for Defendant–Appellee.

Before: BRUNETTI, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Jews for Jesus, Inc., Allen Abrahamson, and Penny Abrahamson (collectively, "Appellants") appeal a judgment in favor of defendant, Port of Portland (the "Port"), in their action challenging the Port's policy regarding permits for free speech activities in the Portland Airport. The district court granted summary judgment in favor of the Port. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

The district court's grant of summary judgment on the constitutionality of a statute or ordinance is reviewed de novo. *Menotti v. City of Seattle*, 409 F.3d 1113, 1119 (9th Cir.2005). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* at 1119–20.

■ The district court correctly concluded that Appellants lack standing to bring as-applied challenges.[1] Appellants never applied for a permit to leaflet, and there is no basis in the record for the Abrahamsons' belief that they would be arrested if they attempted to leaflet without a permit. Appellants therefore have failed to show an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (stating that plaintiffs do not have standing where the fear of prosecution is imaginary or speculative). Moreover, unlike the cases on which Appellants rely, they have failed to comply with the applicable law. *See Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166–67, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972) (holding that the plaintiff lacked standing to challenge a club's membership policy "since he never sought to become a member"); *United States v. Hugs*, 109 F.3d 1375, 1378 (9th Cir.1997) (per curiam) (holding that the appellants could bring only a facial challenge to a statute because "failure to apply for a permit precludes challenge to the manner in which the Act

is administered"); *Madsen v. Boise State Univ.*, 976 F.2d 1219, 1220 (9th Cir.1992) (per curiam) ("There is a long line of cases ... that hold that a plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit.").

■ Contrary to Appellants' contention that the district court applied the wrong level of scrutiny in considering their claims, the airport is a nonpublic forum, subject only to a reasonableness standard. *See Int'l Soc'y for Krishna Consciousness, Inc. v. Lee*, 505 U.S. 672, 683, 112 S.Ct. 2701, 120 L.Ed.2d 541 (1992) (concluding that airport terminals are nonpublic fora and that restrictions on solicitation accordingly are subject only to a reasonableness standard). By permitting the distribution of leaflets in designated areas of the airport, the Port has not intentionally opened the airport for public discourse. *See Ark. Educ. Television Comm'n v. Forbes*, 523 U.S. 666, 677, 118 S.Ct. 1633, 140 L.Ed.2d 875 (1998) ("'The government does not create a [designated] public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional public forum for public discourse.'") (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802, 105 S.Ct. 3439, 87 L.Ed.2d 567 (1985)) (alteration in the original). The permit procedure therefore need only be viewpoint-neutral and a reasonable time, place, and manner regulation. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983) (stating that, in a nonpublic forum, "[i]n addition to time, place, and manner regulations, the state may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on

---

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view").

■ We disagree with Appellants' contention that the regulation is content-based. To the contrary, the regulation is content-neutral on its face because it is "not a regulation of speech content, but rather [is] 'a regulation of the places where some speech may occur.'" *Menotti*, 409 F.3d at 1129 (quoting *Hill v. Colorado*, 530 U.S. 703, 719, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000)). Because the regulation is content-neutral, we reject Appellants' contention that the procedural requirements of the prior restraint doctrine must be satisfied. *See G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1082 (9th Cir.2006) (stating that the procedural requirements did not need to be satisfied because the regulation was content-neutral); *S. Or. Barter Fair v. Oregon*, 372 F.3d 1128, 1137 (9th Cir.2004) ("Because it is content-neutral, the Act need not contain the procedural safeguards required of content-based regulations."), *cert. denied*, —— U.S. ——, 126 S.Ct. 367, 163 L.Ed.2d 73 (2005).

■ The policy also is viewpoint-neutral on its face. It applies equally to any party seeking to exercise free speech rights at the airport and sets forth only reasonable time, place, and manner considerations to prevent interference with travel and airport operations. The Port reasonably could conclude that its safety and congestion concerns are best addressed by limiting the locations for free speech activity. *Cf. United States v. Kokinda*, 497 U.S. 720, 732, 110 S.Ct. 3115, 111 L.Ed.2d 571 (1990) (agreeing with the government that it was reasonable to prohibit solicitation on postal premises because solicitation "is inherently disruptive of the Postal Service's business").

■ We also reject Appellants' contention that the regulation is facially unconstitutional because it confers unbridled discretion upon Port officials. On its face, the policy does not vest discretion in the permitting official. Permits will be assigned on a first-come, first-served basis, and the permitting official is not given any discretion in the decision. Unlike *Desert Outdoor Advertising, Inc. v. City of Moreno Valley*, 103 F.3d 814 (9th Cir.1996), there are no "ambiguous and subjective" bases upon which a permit could be denied. *Id.* at 818. Nor is the policy "ad hoc and structureless." *Am. Jewish Cong. v. City of Beverly Hills*, 90 F.3d 379, 385 (9th Cir.1996) (en banc).

To the extent the regulation allows for some discretion, such as in withholding a permit for permit violations, the evidence is insufficient to render the regulation facially unconstitutional. *See S. Or. Barter Fair*, 372 F.3d at 1139 (concluding that the lack of a permit application deadline was not sufficient to invalidate a statute on a facial challenge). There is no evidence whatsoever of a pattern of abuse by the Port. We therefore reject Appellants' argument. *See, e.g., Thomas v. Chicago Park Dist.*, 534 U.S. 316, 325, 122 S.Ct. 775, 151 L.Ed.2d 783 (2002) (stating that the potential abuse of granting waivers to favored speakers and denying them to disfavored speakers "must be dealt with if and when a pattern of unlawful favoritism appears"); *G.K. Ltd.*, 436 F.3d at 1084 (rejecting the contention that an ordinance granted officials unbridled discretion because of the absence of evidence of government abuse); *S. Or. Barter Fair*, 372 F.3d at 1140 (rejecting a facial challenge based on unbridled discretion because of the lack of "actual evidence of a pattern of abuse").

■ Appellants contend that the permit policy is overbroad because it applies whether two people or 20 people seek a

permit. Requiring a group of any size to apply for a permit does not render the policy overbroad. Rather, "the comprehensiveness of the statute is a virtue, not a vice, because it is evidence against there being a discriminatory governmental motive." *Hill,* 530 U.S. at 731, 120 S.Ct. 2480. The case on which Appellants rely is inapposite because it involved a resolution that prohibited all First Amendment activity at Los Angeles International Airport. *See Bd. of Airport Comm'rs v. Jews for Jesus, Inc.,* 482 U.S. 569, 107 S.Ct. 2568, 96 L.Ed.2d 500 (1987).

■ We also reject Appellants' argument that the policy's identification requirement is unconstitutional. Unlike *Talley v. California,* 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960), the Port's permit does not require that identifying information be printed on each leaflet distributed. Thus, the fear that "[p]ersecuted groups and sects" would be subject to reprisal by someone receiving a leaflet is greatly lessened. *Id.* at 64, 80 S.Ct. 536; *see Justice for All v. Faulkner,* 410 F.3d 760, 771 (5th Cir.2005) ("Although the procedure outlined by the district court might require a student distributing leaflets to identify himself to a University official, it would burden substantially less speech than the Literature Policy's requirement that *every* leaflet handed out identify the student."). Moreover, permitting requirements, which, by definition, must involve some identifying information, have been held constitutional by the Supreme Court and this court. *See, e.g., Chicago Park,* 534 U.S. 316, 122 S.Ct. 775, 151 L.Ed.2d 783; *G.K. Ltd.,* 436 F.3d 1064; *S. Or. Barter Fair,* 372 F.3d 1128.

■ Finally, the district court correctly concluded that Appellants lack standing to bring an equal protection claim because of their failure to apply for a permit. In *Brown v. California Department of Transportation,* 321 F.3d 1217 (9th Cir.2003), on which Appellants rely, the plaintiffs were not required to apply for a permit because they clearly would not have qualified for one. *See id.* at 1225. Here, by contrast, there is no evidence that Appellants would not qualify for a permit or that they would have been denied one had they applied.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**